# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERICA KINSMAN,**

    **Plaintiff,**

**v.**                                                     **Case No. 4:15cv235-MW/CAS**

**FLORIDA STATE UNIVERSITY**
**BOARD OF TRUSTEES,**

    **Defendant.**

_____/

## ORDER ON POST-PRODUCTION ASSERTION OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT PROTECTION

1. Under Rule 502(d) of the Federal Rules of Evidence, the Court orders as follows:

   (a) The production of documents (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work-product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the producing party notifies the receiving party, in writing, of the production after its discovery of the same.

1

(b) If the producing party notifies the receiving party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be returned to the producing party or destroyed or deleted, on request of the producing party. The producing party will provide a privilege log providing information required by the Federal Rules of Civil Procedure and applicable case law to the receiving party when the producing party provides the receiving party notice of the Identified Materials. If the receiving party has any notes or other work product reflecting the contents of the Identified Materials, the receiving party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

(c) The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The receiving party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

(d) The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

(e) If any receiving party is in receipt of a document from a producing party which the receiving party has reason to believe is privileged, the receiving party shall in good faith take reasonable steps to promptly notify the producing party of the production of that document so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Order.

(f) The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production.

(g) The disclosure of Identified Materials in this action is not a waiver of the attorney- client privilege, work product doctrine, or any other asserted privilege in any other federal or state proceeding, according to Federal Rule of Evidence 502(d).

2. This Order does not address whether documents are subject to protection by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or doctrine. This Order is also not intended

to waive or limit in any way either party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in this Order.

**SO ORDERED on May 8, 2015.**

<u>s/Mark E. Walker</u>
**United States District Judge**
